T.C. Memo. 1999-90


UNITED STATES TAX COURT


JIM WOOD LAND CLEARING CO., INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 20527-97.                  Filed March 24, 1999.


Allen L. Wood (an officer), for petitioner.

Andrew M. Tiktin, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


FOLEY, Judge:  By notice dated July 14, 1997, respondent determined the following deficiencies, addition to tax, and penalties relating to petitioner's Federal income taxes:

| Year | Deficiency | Addition to Tax Sec. 6651(a)(1) | Penalty Sec. 6662(a) |
|------|-----------|--------------------------------|----------------------|
| 1993 | $78,349 | -- | $15,670 |
| 1994 | 14,592 | $3,648 | 2,918 |

All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

After concessions by the parties, the remaining issue for decision is whether, for 1993 and 1994, petitioner may reduce its gross income by expenses paid to construct two houses.

FINDINGS OF FACT

Petitioner is a Florida corporation whose principal place of business was in Lake Placid, Florida, at the time the petition was filed.  Petitioner does land clearing and demolition work in Dade County, Florida.  During the years in issue, Allen Wood was petitioner's president and sole shareholder.

Allen Wood owned two unimproved lots in Highlands County, Florida.  In 1993 and 1994, petitioner expended $128,025 and $35,194, respectively, to construct two single-family houses on Allen Wood's lots.  In calculating its 1993 and 1994 gross income, petitioner subtracted these expenditures as cost of goods sold.

On February 1, 1994, Allen Wood formed Wood Developers, Inc. (Wood Developers).  He was president and a 50-percent shareholder of the corporation.  In March 1994, Allen Wood transferred to Wood Developers his interest in the improved lots and Wood Developers sold both properties.  On its 1994 Federal tax return, Wood Developers reported the income from the sale of the properties.

OPINION

Respondent determined that for 1993 and 1994, petitioner was not entitled to reduce its gross income by construction expenses relating to the two houses. At trial, the Court asked Allen Wood why these expenditures were characterized as cost of goods sold. Allen Wood stated that he did not know why and acknowledged that such treatment "could have been wrong".

We sustain respondent's determination. The construction expenses related to houses that were built on Allen Wood's property and ultimately sold by Wood Developers. In essence, petitioner paid Allen Wood's construction expenses. See Estate of Briden v. Commissioner, 11 T.C. 1095, 1134 (1948) (stating that a shareholder's personal expenses are not a part of a corporation's cost of goods sold), affd. 179 F.2d 619 (1st Cir. 1950).

Petitioner contends, in the alternative, that it is entitled to an advertising deduction for these expenses. At trial, Allen Wood attempted to establish a nexus between petitioner's business and an advertising deduction by asserting that petitioner's payment of the expenses was part of a plan to meet local contractors. We reject petitioner's contention.

Advertising expenses are deductible if such expenses are "ordinary and necessary". Sec. 162(a); see sec. 1.162-1(a), Income Tax Regs. An expense is "ordinary" if it is customary or usual within a particular trade, business, or industry, see Deputy v. du Pont, 308 U.S. 488, 495-496 (1940), and "necessary"

if it is appropriate or helpful for the business, see <u>Welch v. Helvering</u>, 290 U.S. 111, 113 (1933). It is not customary or usual for land clearing businesses to advertise their services by constructing houses. In addition, payment of the construction expenses was not appropriate or helpful in promoting petitioner's land clearing business. Moreover, the expenses were incurred for Allen Wood's personal benefit, rather than for business considerations relating to petitioner. See <u>International Artists, Ltd. v. Commissioner</u>, 55 T.C. 94, 104 (1970) (holding that a business expense deduction will not be allowed for an expenditure that is primarily motivated by personal, rather than business, considerations).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.